# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 06-2026

———————

Kevin L. Chambers,                  *
                                    *
            Appellant,              *
                                    *
                                    *    Appeal from the United States
      v.                            *    District Court for the
                                    *    Eastern District of Missouri.
Joan M. Gilmer, Clerk, St. Louis    *
County Circuit Court; Robert        *    [UNPUBLISHED]
McCulloch, St. Louis County         *
Prosecutor,                         *
                                    *
            Appellees.              *

———————

Submitted: April 5, 2007
Filed: April 9, 2007

———————

Before SMITH, GRUENDER, and SHEPHERD, Circuit Judges.

———————

PER CURIAM.

Kevin Chambers appeals the district court's[1] preservice dismissal of his 42 U.S.C. § 1983 complaint against a county prosecutor and a circuit court clerk. He alleged that, as permitted under state law, he submitted to the circuit court a document detailing criminal conduct by St. Louis County police officers, see Mo. Rev. Stat.

———————————

[1]The Honorable Charles A. Shaw, United States District Judge for the Eastern District of Missouri.

§ 545.250 (private citizen with knowledge of commission of crime may file sworn affidavit "with the clerk of the court having jurisdiction of the offense, for the use of the prosecuting attorney, or deposit it with the prosecuting attorney"); that the clerk (acting in concert with the prosecutor) refused to "process" the document; and that this refusal violated his right of access to the courts. We conclude Chambers did not state a section 1983 claim, because the alleged actions did not violate his constitutional rights. See West v. Atkins, 487 U.S. 42, 48 (1988) (to state § 1983 claim, plaintiff must allege violation of right secured by Constitution or federal law). Specifically with regard to his access-to-courts claim, defendants' alleged actions did not prevent Chambers from asserting his rights in a lawsuit against the police officers who allegedly mistreated him, and Chambers did not allege the requisite actual injury from defendants' actions to state such a claim in any event. See Lewis v. Casey, 518 U.S. 343, 351-354 (1996) (plaintiff must allege actual injury in access-to-courts claim).

Accordingly, we affirm. See 8th Cir. R. 47A(a).

_____